STATE OF TEXAS             Civil Action No.: 4:25-mc-01650

COUNTY OF HARRIS                      UNITED STATES DISTRICT COURT

                                      SOUTHERN DISTRICT OF TEXAS

                                      HOUSTON DIVISION

Matthew Jamal Jackson, Individually and as Owner of Save A Life Homes, LLC

Plaintiff,

United States Courts
Southern District of Texas
F I L E D

SEP 0 9 2025

8230 Glen Valley Dr Houston, Texas 7706

v.

Nathan Ochsner, Clerk of Court

Mayra Amezquita, Rubi Villafana, Ashley Villafana, Rogelio Villafana Jr., and Jesus Mariano Villafana,

8311 Cayton St, Houston, Texas 77061

Defendants.


## NOTICE OF FILING CORRECTED APPLICATION TO PROCEED IN FORMA PAUPERIS


Declaration under Penalty of penalty of Mr. Matthew Jackson, Mr. Matthew Jackson, being competent to make this declaration and having personal knowledge of the matters stated herein, declares pursuant to 28 U.S.C 1746:


Plaintiff, Matthew Jackson, respectfully notifies the Court that he has filed a corrected Application to Proceed In Forma Pauperis in compliance with the Court's prior order. All required financial documentation, including bank statements, is already on file. Plaintiff requests the Court to review the corrected application and grant leave to proceed without prepayment of fees.

Legal and Constitutional Basis for Plaintiff's Request:

1. Statutory Authority: Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit demonstrating an inability to pay such fees.

2. Constitutional Right to Access the Courts: Denying a person the ability to proceed in forma pauperis effectively denies access to the courts. The Supreme Court has held that the right of access to the courts is protected under the Due Process Clause of the Fifth and Fourteenth Amendments. See Bounds v. Smith, 430 U.S. 817 (1977); Lewis v. Casey, 518 U.S. 343 (1996).

3. Equal Protection: Denying an indigent litigant the ability to pursue a claim solely because of inability to pay filing fees could violate the Equal Protection Clause. See Boddie v. Connecticut, 401 U.S. 371 (1971), where the Court held that procedural barriers that prevent access to courts for those unable to pay fees raise constitutional concerns.

4. Judicial Precedent:
   Steffler v. United States, 319 U.S. 38 (1943) — Courts must consider in forma pauperis applications for indigent plaintiffs.
   Coppedge v. United States, 369 U.S. 438 (1962) — Courts cannot deny in forma pauperis status merely because of perceived lack of merit.

5. Right to Proceed Without Prepayment: 28 U.S.C. § 1915(a) ensures that citizens entitled to commence any suit or action may do so without prepayment of fees, so long as the application is made in good faith.

Plaintiff respectfully requests that the Court grant the corrected application to proceed in forma pauperis, allowing the case to proceed without prepayment of fees, consistent with statutory authority and constitutional guarantees.

'I declare under penalty of perjury that the foregoing is true and correct. Executed on 9/9/2025

Respectfully submitted,
Matthew Jackson, Pro Se
8230 Glen Valley Dr Houston, TX 77061
6465889376
savealifehomes06@gmail.com
Matthew Jamal Jackson